```
IN THE UNITED STATES DISTRICT COURT FOR THE
         WESTERN DISTRICT OF OKLAHOMA
```

| | |
|---|---|
| JANICE BEAMON WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-1274-L |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

### I.     Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 14-31). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R § 404.1520; 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since May 18, 2009, the alleged disability onset date. (TR. 16). The ALJ's step-two analysis found Plaintiff to have the following severe impairments: diabetes mellitus II, arthritis, neuropathy, heart problems, hypertension, back problems resulting in pain, and vision trouble. (TR. 16). At step three, the ALJ determined that none of Plaintiff's impairments meets or medically equals the severity of one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 19). At the first phase of step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with no limitations.

(TR. 23). At phase two of step-four, the ALJ identified Plaintiff's past relevant work as defined in the Dictionary of Occupational Titles:

> The claimant has past relevant work such as telephone solicitor SVP; skilled; Customer Service representative light skilled (SVP 5); Nurse's aide medium, (SVP 4); Home attendant, sedentary, semiskilled (SVP 3); and Cashier checker light, Unskilled (SVP 4).

(TR 29).

At the third phase of step four, the ALJ determined that Plaintiff is capable of performing past relevant work as customer service representative, telephone solicitor, and cashier/checker. (TR 29). Before concluding his step-four analysis, the ALJ compared the testimony of the vocational expert with the descriptions of the jobs in the Dictionary of Occupational Titles and determined there were no inconsistencies. (TR. 30).

Accordingly, the ALJ found Plaintiff capable of working from the alleged onset date through the date of the ALJ's decision. (TR. 27).

### III. Issues Presented

Plaintiff challenges the ALJ's faulty credibility determination. In a closely related issue, Plaintiff also contends the ALJ erred in failing to develop the record.

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V. Analysis

Plaintiff contends the ALJ's credibility analysis is unsupported by substantial evidence. (ECF No. 14:3-10). This point is well-taken. As Plaintiff notes, the ALJ's

unsupported credibility analysis adversely affected his findings in steps three through five of the sequential evaluation.

In arriving at this decision, the undersigned recognizes the ALJ is afforded leeway in his credibility assessment. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the Tenth Circuit set forth the framework for the proper analysis of a claimant's pain. First, the objective medical evidence must demonstrate a pain producing impairment. Second, a "loose nexus" must exist between the proven impairment and the claimant's subjective allegations of pain. If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's pain is in fact disabling. *Id.* at 163-164. "Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162. "Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility. *Id.* at 162, n. 2. To determine the credibility of pain testimony, the ALJ should consider such factors as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-1274 (10th Cir. 2004) (*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted)).

A court may review an ALJ's credibility findings to ensure that the ALJ's factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation omitted).

In this case, the ALJ made the following credibility finding:

> The claimant's failure to lose weight, reduce her problems with high cholesterol, obesity, and diabetes were clear, and the Administrative Law Judge finds that the claimant's allegations were severe, but were not so credible as to impact the claimant's ability to perform other work activity as noted in the residual functional capacity.

(TR. 27).

Part of the ALJ's reasoning for his credibility determination involved Plaintiff's then-current medical treatment. At the administrative hearing, Plaintiff testified her medical conditions were being treated at the Mary Mahoney Health Center. The ALJ cited Plaintiff's testimony. Then, because there were no current medical records from Mary Mahoney Health Center, the ALJ used the absence of evidence to support his conclusion that Plaintiff was noncompliant with her medication. (TR. 26). As plaintiff points out, however, the ALJ should have made the effort to procure the records from Mary Mahoney Health Center, especially if he were going to use the absence of such records to discredit Plaintiff's credibility. *See Sims v. Apfel*, 530 U. S. 103-111 (10th Cir. 2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the

5

ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.") (Citation omitted). *See also Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993):

> It is well established that a Social Security disability hearing is a non-adversarial proceeding, in which the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts. The duty to develop the record pertains even if the claimant is represented by counsel.

*Id.* (Internal citations and quotations omitted).

But the most glaring error in the ALJ's unfavorable decision was his giving "controlling weight" to the "treating physician" opinion of "Dr. Klaassen." (TR. 27). First, there is no "Dr. Klaassen." Rather, plaintiff was attended "at the" Perry A. Klaassen Health Center" by a physician's assistant. The opinions upon which the ALJ relies, were both written by the physician's assistant (TR. 585-586). It is well established that a physician's assistant is not an "acceptable medical source" under the regulations. *See* 20 C.F.R. 404.1513. The Social Security regulations treat opinions from "acceptable medical sources" very differently from those of "other" sources.

> The distinction between "acceptable medical sources" and other healthcare providers who are not "acceptable medical sources" is necessary for three reasons first, we need evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment. See 20 CFR 404.1513 (a) and 416.913 (a). Second, only "acceptable medical sources" can give us medical opinions. See 20 CFR 404.1527 (a) (2) and 416.927 (a) (2). Third, only "acceptable medical sources" can be considered treating

sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight. See 20 CFR 404. 1527 (d) and 416.927 (d).

SSR 06-03p 2006, WL2329939 (Aug. 9, 2006).

Thus, the ALJ's credibility assessment is unsupported by substantial evidence in the record. This error requires remand.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds the decision of the Commissioner to be unsupported by substantial evidence. It is therefore recommend that the final decision of the Commissioner be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 12, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 26, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE